IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| MARTHA SNIDER, AS ATTORNEY IN FACT FOR ISADORE GOLDHIRSH, | : <br> : <br> : <br> :    CIVIL ACTION |
| Plaintiffs, | : <br> : |
| v. | : <br> :    NO. 21-4224 |
| STATE FARM FIRE AND CASUALTY COMPANY, | : <br> : <br> : |
| Defendant. | : |

MEMORANDUM OPINION

Goldberg, J.                                                                                                  December 8, 2022

Plaintiff Martha Snider, as attorney in fact for Isadore Goldhirsh,[1] brings this bad faith and breach of contract action against Defendant State Farm Fire and Casualty Company arising out of Defendant's failure to cover Plaintiff's property loss. Defendant moves pursuant to Federal Rule of Civil Procedure 12(b)(6) and Federal Rule of Civil Procedure 12(g)(2) to dismiss the bad faith claim and to strike an allegation in the Amended Complaint. For the following reasons, I will deny the Motion in its entirety.

I.     FACTUAL BACKGROUND

The following facts are set forth in the Amended Complaint.[2]

---

[1]     As attorney-in-fact, Plaintiff is empowered by a power of attorney to serve as an agent of Isadore Goldhirsh and to conduct litigation on his behalf. See generally W.R. Huff Asset Mgmt. Co., LLC v. Deloitte & Touche LLP, 549 F.3d 100, 109 (2nd Cir. 2008).

[2]     In deciding a motion under Federal Rule of Civil Procedure 12, the court must accept all factual allegations in the complaint as true, construe the complaint in the light most favorable to the plaintiff, and determine whether, under any reasonable reading, the plaintiff may be entitled to relief. Atiyeh v. Nat'l Fire Ins. Co. of Hartford, 742 F. Supp. 2d 591, 596 (E.D. Pa. 2010).

Plaintiff alleges that Defendant issued a policy of insurance—number 78LQ82356—covering the insured premises, owned by Isadore Goldhirsh, located at 1523 Grove Avenue, Jenkintown, PA 19046 (the "insured premises"). Mr. Goldhirsh had lived at the insured premises for over fifty years and had been insured with Defendant since approximately 2002. (Id. ¶¶ 3, 14.)

In March 12, 2020, Mr. Goldhirsh, then ninety-four years old, went to live with Plaintiff, his daughter, and her family so that he would not be isolated during the COVID-19 pandemic. Plaintiff contacted Defendant to advise that Mr. Goldhirsh would be away from the insured premises for an extended period of time and requested advice on how to maintain insurance coverage while he was away. Defendant's agency advised Plaintiff to add a "vacancy endorsement" to the policy, which Plaintiff purchased in reliance on Defendant's advice. (Id. ¶¶ 13, 15–17.)

On March 17, 2021, the insured premises suffered damages from a broken water supply line. Plaintiff promptly reported the loss to Defendant. Defendant denied coverage claiming that the loss was due to "repeated leakage of water, over a period of time, from a plumbing system" and, thus, excluded under the insurance policy. According to Plaintiff, however, the property had been monitored through video surveillance and by regular visits by others, and there was no repeated leakage of water that occurred for weeks, months, or years. As such, Plaintiff claims that the loss was not caused by an event subject to any exclusions or limitations in the policy, and Defendant had no credible evidence, objective test results, or other reasonable basis to deny coverage. (Id. ¶¶ 5, 18, 28–32.)

On June 23, 2021, Plaintiff commenced an action against Defendant in the Philadelphia County Court of Common Pleas. The matter was removed to federal court and originally assigned to Judge C. Darnell Jones. Defendant filed the current Motion to Dismiss and Motion to Strike on February 28, 2022, and the matter was subsequently reassigned to my docket.

## II. MOTION TO DISMISS BAD FAITH CLAIM

### A. Standard of Review

Under Federal Rule of Civil Procedure 12(b)(6), a defendant bears the burden of demonstrating that the plaintiff has not stated a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6); see also Hedges v. United States, 404 F.3d 744, 750 (3d Cir. 2005). The United States Supreme Court has recognized that "a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007) (quotations omitted). "[T]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice" and "only a complaint that states a plausible claim for relief survives a motion to dismiss." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. A complaint does not show an entitlement to relief when the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct. Id.

The United States Court of Appeals for the Third Circuit has detailed a three-step process to determine whether a complaint meets the pleadings standard. Bistrian v. Levi, 696 F.3d 352 (3d Cir. 2014). First, the court outlines the elements a plaintiff must plead to state a claim for relief. Id. at 365. Next, the court must "peel away those allegations that are no more than conclusions and thus not entitled to the assumption of truth." Id. Finally, the court "look[s] for well-pled factual allegations, assume[s] their veracity, and then 'determine[s] whether they plausibly give rise to an entitlement to relief.'" Id. (quoting Iqbal, 556 U.S. at 679). The last step is "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." Id. (quoting Iqbal, 556 U.S. at 679).

### B. Discussion

The Pennsylvania legislature has created a statutory remedy for an insurer's bad faith conduct, as follows:

> In an action arising under an insurance policy, if the court finds that the insurer has acted in bad faith toward the insured, the court may take all of the following actions:
> (1) Award interest on the amount of the claim from the date the claim was made by the insured in an amount equal to the prime rate of interest plus 3%.
> (2) Award punitive damages against the insurer.
> (3) Assess court costs and attorney fees against the insurer.

42 Pa. Cons. Stat. § 8371.

To establish bad faith under 42 Pa.C.S. § 8371, a plaintiff must demonstrate that the insurer (1) lacked a reasonable basis for denying benefits and (2) knew or recklessly disregarded its lack of a reasonable basis. Klinger v. State Farm Mut. Auto. Ins. Co., 115 F.3d 230, 233 (3d Cir. 1997) (citing Terletsky v. Prudential Prop. & Cas. Ins. Co., 649 A.2d 680, 688 (Pa. Super. Ct. 1999)). In the insurance context, bad faith denotes a "frivolous or unfounded" refusal to pay policy proceeds, which imports a dishonest purpose and a breach of a known duty, such as good faith and fair dealing. Polselli v. Nationwide Mut. Fire Ins. Co., 23 F.3d 747, 751 (3d Cir. 1994) (quotations omitted). It is not necessary that the refusal be fraudulent; "an unreasonable interpretation of the policy provisions as well as a blatant misrepresentation of the facts or policy provisions will support a bad faith claim." Smith v. Allstate Ins. Co., 904 F. Supp. 2d 515, 524 (W.D. Pa. 2012) (quotations omitted); see also O'Donnell ex rel. Mitro v. Allstate Ins. Co., 734 A.2d 901, 905 (Pa. Super. Ct. 1999). To defeat a claim of bad faith an insurer need not show that the insurer was correct. Rather, an insurer must demonstrate that it had a reasonable basis for its decision to deny benefits. See J.C. Penney Life Ins. v. Pilosi, 393 F.3d 356, 367 (3d Cir. 2004); see also Leach v. Nw. Mut. Ins. Co., No. 01-cv-2364, 2005 WL 3533116, at *11 (W.D. Pa. Dec. 22, 2005).

Actions constituting bad faith are not limited solely to a denial of coverage, but may also include "a lack of investigation, unnecessary or unfounded investigation, failure to communicate with the insured, or failure to promptly acknowledge or act on claims." Ironshore Specialty Ins. Co. v. Conemaugh Health Sys., Inc., 423 F. Supp. 3d 139, 154–55 (W.D. Pa. 2019) (citing Frog, Switch &

4

Mfg. Co. v. Travelers Ins. Co., 193 F.3d 742, 751 n.9 (3d Cir. 1999)). Bad faith may occur "when an insurance company makes an inadequate investigation or fails to perform adequate legal research concerning a coverage issue." Hamm v. Allstate Prop. & Cas. Ins. Co., 908 F. Supp. 2d 656, 672 (W.D. Pa. 2012) (quoting Coreh Constr. Co. v. Assurance Co. of Am., 64 Pa. D. & C.4th 496, 516 (Pa. Commw. Ct. 2003)).

At the pleading stage, a plaintiff states a sufficient claim if the complaint avers basic facts regarding the insurance policy, loss, and denial of the claim, as well as allegations that the insurer acted unreasonably. See Scarpato v. Allstate Ins. Co., No. 05-cv-5520, 2007 WL 172341, at *5 (E.D. Pa. January 23, 2007) (holding that complaint sufficiently pled a bad faith claim under the federal notice pleading requirement where complaint alleged that insurance company failed to conduct a reasonable investigation and asserted policy defenses without a reasonable basis); Mezzacappa v. State Farm Insurance Company, No. 04-cv-5249, 2004 WL 2900729, at *1–2 (E.D. Pa. Dec. 14, 2004) (holding that plaintiff's allegations that the insurer's denial was unreasonable, lacked sufficient basis, and violated the terms of the insurance contract was sufficient to state a bad faith claim).

Here, Defendant contends that the Amended Complaint fails to provide factual support from which the Court can conclude that the bad faith standard was met. In support, Defendant cites a number of cases that it argues had complaints similar to the Amended Complaint here and notes that the courts have dismissed such bad faith claims at the pleading stage.

In all of those cited cases, however, the bad faith allegations consisted of nothing more than bareboned conclusory statements devoid of any factual content. See, e.g., Clapps v. State Farm Fire & Cas. Co., 447 F. Supp. 3d 293, 300 (E.D. Pa. 2020) (dismissing bad faith claim where plaintiff alleged only that defendant "fail[ed] to complete a prompt and thorough investigation of Plaintiff's claim" and "fail[ed] to promptly provide a reasonable factual explanation of the basis for the denial of Plaintiff's claim" without any explanatory facts); Soldrich v. State Farm Fire & Cas. Co., No. 15-cv-1438, 2015 WL 7568442, at *3 (E.D. Pa. Mar. 19, 2020) (same); Mozzo v. Progressive Ins. Co., No. 14-cv-5752,

5

2015 WL 56740, at *3 (E.D. Pa. Jan. 5, 2015) (dismissing bad faith claim where plaintiff alleged only that: (a) he complied with all relevant requests relating to the investigation of his insurance claim; (b) defendant arbitrarily and capriciously failed to honor its contractual obligations; (c) plaintiff incurred damages; and (d) defendant acted in bad faith in failing to honor the plaintiff's claim); Blasetti v. Allstate Ins. Co., No. 11-cv-6920, 2012 WL 177419, at *4 (E.D. Pa. Jan. 23, 2012) (dismissing bad faith claim where complaint alleged that "[d]efendant, despite demand for benefits under its policy of insurance has failed and refused to pay to Plaintiffs those benefits due and owing under said policy of insurance" and defendant "recklessly disregard[ed] its lack of reasonable basis when it denied Plaintiffs' claims.").

Here, by contrast, the Amended Complaint goes beyond such bareboned conclusory statements to set forth a plausible basis for a finding of bad faith. Drawing all reasonable inferences in Plaintiff's favor, the Amended Complaint alleges that the insured premises suffered damages from a broken water supply line. (Am. Compl. ¶ 5.) Defendant denied coverage under a provision of the policy that excluded coverage for loss due to "seepage or leakage of water, steam, or sewage that occurs or develops over a period of time." (Id. ¶ 18.) Plaintiff contends, however, that the term "period of time" was ambiguous and could be used to deny coverage for virtually any loss involving a water leak. (Id. ¶¶ 19, 27.) Plaintiff further asserts that the property was monitored both by video surveillance and by regular visits and there was no repeated leakage of water that occurred for weeks, months, or years. (Id. ¶¶ 28, 30.) As such, she claims that the loss was not caused by an event subject to any exclusions or limitations in the policy, and Defendant had no credible evidence, objective test results, or other reasonable basis to deny coverage. (Id. ¶¶ 29–32.) In turn, Plaintiff contends that Defendant misrepresented to Plaintiff that the claim was not covered. (Id. ¶ 33.)

Stated succinctly, Plaintiff posits that Defendant—acting under an unreasonable interpretation of that provision and based on a blatant misrepresentation of the facts—denied coverage despite Plaintiff's evidence to the contrary. Such allegations, if substantiated, could provide a sufficient basis for a factfinder to infer that Defendant lacked a reasonable basis for denying benefits and recklessly

disregarded such lack of a reasonable basis. Accordingly, I decline to dismiss the bad faith claim at this time.

### III.     MOTION TO STRIKE

Federal Rule of Civil Procedure 12(f) provides that "the court may order stricken from any pleading any insufficient defense or any redundant, immaterial, impertinent or scandalous matter." Fed. R. Civ. P. 12(f). Content is immaterial when it "has no essential or important relationship to the claim for relief." Donnelly v. Commonw. Fin. Sys., No. 07-cv-1881, 2008 WL 762085, at *4 (M.D. Pa. Mar. 20, 2008) (quoting Del. Healthcare, Inc. v. MCD Holding Co., 893 F. Supp. 1279, 1291–92 (D. Del. 1995)). Content is impertinent when it does not pertain to the issues raised in the complaint. Id. Scandalous material "improperly casts a derogatory light on someone, most typically on a party to the action." Id. (citing Carone v. Whalen, 121 F.R.D. 231, 233 (M.D. Pa. 1988)).

"The standard for striking a complaint or a portion of it is strict, and 'only allegations that are so unrelated to the plaintiffs' claims as to be unworthy of any consideration should be stricken.'" Steak Umm Co., LLC v. Steak'Em Up, Inc., No. 09-cv-2857, 2009 WL 3540786, at *2 (E.D. Pa. Oct. 29, 2009) (citing Johnson v. Anhorn, 334 F. Supp.2d 802, 809 (E.D. Pa. 2004)). "The purpose of a motion to strike is to clean up the pleadings, streamline litigation, and avoid unnecessary forays into immaterial matters." McInerney v. Moyer Lumber and Hardware, Inc., 244 F. Supp. 2d 393, 402 (E.D. Pa. 2002). Although "[a] court possesses considerable discretion in disposing of a motion to strike under Rule 12(f)," such motions are "not favored and usually will be denied unless the allegations have no possible relation to the controversy and may cause prejudice to one of the parties, or if the allegations confuse the issues in the case." Ford-Greene v. NHS, Inc., 106 F. Supp. 3d 590, 615 (E.D. Pa. 2015) (quoting River Road Dev. Corp. v. Carlson Corp., No. 89-7037, 1990 WL 69085, at *3 (E.D. Pa. May 23, 1990)).

Here, Defendant seeks to strike paragraph twenty-seven of the Amended Complaint, which states:

7

> 27. Defendant either negligently, purposely or recklessly wrote its policy in such a manner to enable it to deny coverage for virtually any loss involving a water leak.

(Am. Compl. ¶ 27.) Defendant argues that this allegation is entirely unnecessary and immaterial to the pleading since Pennsylvania law does not permit a bad faith claim premised on conduct unrelated to the handling and denial of claim. See Berks Mut. Leasing Corp. v. Travelers Prop. Cas. A Member of Citigroup, No. 01-cv-6784, 2002 WL 31761419, at *5 (E.D. Pa. Dec. 9, 2002) (footnote omitted); see also Belmont Holdings Corp. v. Unicare Life & Health Ins. Co., No. 98-cv-2365, 1999 WL 124389, at *2 (E.D. Pa. Feb. 5, 1999) ("The language chosen by the Superior Court in Terletsky to determine what a plaintiff must show to recover for a claim of bad faith plainly focuses upon a denial of benefits under an insurance policy."). As such, Defendant reasons that a bad faith claim cannot rest on Plaintiff's allegation that Defendant purposely wrote its policy in an ambiguous manner.

I find no basis on which to strike this allegation. Plaintiff does not assert that Defendant's drafting of its insurance policy constituted bad faith. Rather, Plaintiff's theory of bad faith is that Defendant lacked a reasonable basis to deny coverage and recklessly disregarded its lack of a reasonable basis. Plaintiff reasons that the insurance policy was vague as to the "period of time" that a leakage of water must occur for it to be excluded. As such, despite having no objective basis or evidence that the water leak at the insured premises had persisted over any extended period, Defendant seized on the policy's ambiguity regarding the language "period of time" in order to deny coverage. In turn, I find that paragraph twenty-seven is not immaterial or impertinent to the issues raised in the Amended Complaint.[3]

---

[3] Plaintiff argues that Defendant is barred by Federal Rule of Civil Procedure 12(g)(2) from objecting to paragraph twenty-seven of the Amended Complaint because Defendant failed to raise an objection in its first Motion to Dismiss this identical paragraph in the original Complaint. Federal Rule of Civil Procedure 12(g)(2) states that "a party that makes a motion under [Rule 12] must not make another motion under this rule raising a defense or objection that was available to the party but omitted from its earlier motion." Id. As I find no merit to the Motion to Strike, I need not address this procedural objection.

## IV. CONCLUSION

In light of the foregoing, I will deny Defendant's Motion to Dismiss Plaintiff's bad faith claim and to Strike paragraph twenty-seven of the Amended Complaint. An appropriate Order follows.